```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN JOHNSON,                   :    CIVIL ACTION
                                 :
          Petitioner,            :    NO. 08-826
                                 :
     v.                          :
                                 :
JOSEPH J. PIAZZA, et al.,        :
                                 :
          Respondents.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              DECEMBER 5, 2008

      Petitioner objects to the Magistrate Judge's Report and Recommendation, which concluded that certain claims in his habeas petition were procedurally defaulted.  Petitioner asserts that he exhausted state remedies by raising his constitutional claims in his Post-Conviction Relief Act ("PCRA") Petition pursuant to 42 Pa. C.S. § 9541 et seq.  For the reasons that follow, as to the claims of insufficiency of the evidence and trial court error, the objections will be overruled and the Magistrate Judge's Report and Recommendation will be adopted.  As to the balance of the claims, those the Magistrate Judge found were not exhausted and procedurally defaulted, the objections will be sustained, and the Report and Recommendation disapproved.  As to the latter claims, the habeas petition will be remanded for further proceedings in a manner consistent with this memorandum.

I.   PROCEDURAL HISTORY[1]

On September 27, 2001, following a jury trial before the Honorable Lynn Bennett-Hamlin in the Court of Common Pleas of Philadelphia County, Petitioner was convicted of voluntary manslaughter.  On March 20, 2002, Judge Bennett-Hamlin sentenced Petitioner to seven and one-half to fifteen years imprisonment.

On April 13, 2004, the Pennsylvania Superior Court affirmed the judgment of sentence.  Commonwealth v. Johnson, 852 A.2d 1248 (Pa. Super. Ct. 2004).  Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, which was denied on July 22, 2004.  Commonwealth v. Johnson, 856 A.2d 833 (Pa. 2004).  On June 28, 2005, Petitioner filed a PCRA Petition for collateral relief.  Pet'r PCRA Pet.  Counsel was appointed and subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), certifying that the entire record had been reviewed and that there were no meritorious issues to advance before the PCRA court.  Counsel was then permitted to withdraw.  Thereafter, Johnson retained private counsel and filed an amended PCRA Petition.  Pet'r Am. PCRA Pet.

On December 8, 2006, the PCRA court dismissed the petition without a hearing, adopting the reasoning in the

---

[1] The facts surrounding Petitioner's underlying conviction are not being discussed at length here because this opinion is solely for the benefit of the parties.

Commonwealth's motion to dismiss.  Notice Pa. R. Crim. P. 907, Commonwealth v. Johnson, No. 9810-0075 1/2 (Pa. Ct. Com. P., PCRA Unit, Nov. 6, 2006) (citing Commw. Mot. Dismiss) ("PCRA Notice").  On appeal, Petitioner refuted the PCRA court's decision on two grounds: (1) prosecutorial misconduct; and (2) ineffective assistance of trial and appellate counsel.  On December 31, 2007, the Superior Court affirmed the decision of the PCRA court, stating that the sole issue on appeal was ineffective assistance of counsel.  Commonwealth v. Johnson, 945 A.2d 763 (Pa. Super. Ct. 2007).  A petition for allowance of appeal was not filed with the Pennsylvania Supreme Court.

On January 25, 2008, Petitioner filed the instant petition claiming: (1) the evidence presented at trial was insufficient to sustain a guilty verdict for voluntary manslaughter; (2) trial court error for failing to sustain defense objections to the prosecutor's closing argument, which shifted the burden of proof and resulted in the denial of a fair and impartial jury and the denial of his constitutional rights under the 6th and 14th Amendments; (3) prosecutorial misconduct by vouching for the credibility of Commonwealth witnesses, offering personal opinions, and referring to Petitioner as "a thief in the cloak of darkness, stealing human life"; (4) ineffective assistance of trial counsel for failing to request that an identification instruction be given to the jury; (5)

ineffective assistance of appellate counsel for failing to raise the claim that the prosecutor's closing argument was unduly prejudicial and that the trial court erred in failing to grant a mistrial; and (6) ineffective assistance of appellate counsel for failing to raise the claim that the trial court erred in allowing a witness to testify about prior crimes at sentencing.  These same allegations were presented in Petitioner's first and amended PCRA Petitions, as well as in accompanying memoranda in support of his PCRA Petitions.

II. ANALYSIS OF CLAIMS THE MAGISTRATE JUDGE DEEMED UNEXHAUSTED AND PROCEDURALLY DEFAULTED

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody as a result of a state court judgment must "fairly present" his federal constitutional claims in state court, thus exhausting his state remedies, before filing his federal habeas petition.  28 U.S.C. §2254(b).  The exhaustion requirement provides state courts an "initial opportunity to pass upon or correct alleged violations of its prisoner's federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971).  Petitioner bears the burden to show fair presentation of all claims, satisfied by demonstrating the claims brought in federal court are the "substantial equivalent" to those presented in state court. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983).

Failure to exhaust state remedies will prompt the federal court to dismiss the claim without prejudice, so as to allow the state courts the opportunity to first review the claim.  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

In order to "fairly present" his claim, a prisoner must present both the factual and legal substance of his federal claim in state court, in a manner that puts the state court on notice that a federal claim is asserted.  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982)).

The Magistrate Judge found that Petitioner did not exhaust state remedies on certain claims due to his failure to present such claims to the state courts.  See § 2254(b)(1)(A); see also Woodford v. Ngo, 548 U.S. 81, 92 (2006) (recognizing exhaustion requirement); Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (same).  Specifically, the Magistrate Judge deemed that the following claims were not exhausted: (1) trial court error for failing to sustain objections to the prosecutor's closing argument, which shifted the burden of proof and resulted in the denial of a fair and impartial jury and the denial of his constitutional rights under the 6th and 14th Amendments; (2) prosecutorial misconduct by vouching for the credibility of Commonwealth witnesses; (3) prosecutorial misconduct by inflaming the passion/prejudice of the jury; (4) ineffective assistance of

trial counsel; and (5) ineffective assistance of appellate counsel for failing to raise a claim that the trial court erred in allowing a witness to testify about prior crimes at his sentencing.

After an analysis of whether exhaustion could be excused in Petitioner's case, the Magistrate Judge excused such claims because exhaustion would otherwise be futile.  See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (providing futility is an excuse to circumvent exhaustion); Szuchon v. Lehman, 273 F.3d 299, 324 n.14 (3d Cir. 2001) (same).  Nevertheless, the Magistrate Judge recommended that those claims be dismissed as procedurally defaulted because state procedural rules bar Petitioner from seeking further relief in state courts.  See 42 Pa. C.S. § 9545(b)(1) (providing for one year statute of limitations).

In Petitioner's objections, he argues that his claims are not procedurally barred because he did present his claims at the state level.  In support of his objections, Petitioner points to his PCRA Petitions.  In evaluating Petitioner's objections, the Court is guided by the Third Circuit's decisions in McCandless, 172 F.3d at 260 (citing Evans v. Court of Common Pleas, DE County, PA, 959 F.2d 1227 (3d Cir. 1992) (articulating "fair presentation" factors)), and Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007) (citing Bond v. Fulcomer, 864 F.2d 306, 309

(3d Cir. 1989)); see, e.g., Barros v. Beard, 2008 WL 4145522 (E.D. Pa., Sept. 5, 2008).  To fairly present his claim, Petitioner may employ on or more of the following methods: (1) reliance upon pertinent federal cases; (2) reliance upon state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.  Id. at 260.

The Third Circuit recently applied the McCandless analysis in Nara.  488 F.3d 187.  In Nara, petitioner claimed that his Fourteenth Amendment due process rights were violated when the trial court accepted a guilty plea at a time when he was mentally incompetent.  Id. at 198.  Petitioner argued that he adequately presented his federal due process violation before the Pennsylvania state courts by citing a Pennsylvania state case which employed the mental incompetency test used to evaluate both federal and state violations, and by presenting the basic factual outline to support a federal claim.  Id. at 198-199 (citing Commonwealth v. Marshall, 312 A.2d 6 (Pa. 1973)).[2]  The Third

---

[2] In Marshall, the Pennsylvania Supreme Court cited the test for determining a person's mental competency to enter a guilty plea: ". . . did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and have a rational as well as a factual understanding of the proceedings against him."  312 A.2d at 7 (citing Commonwealth v. Harris, 243 A.2d 408, 409 (Pa.

Circuit held that by citing a state case articulating a federal Constitutional claim and providing pertinent facts to support the federal claim, petitioner properly exhausted his due process violation. Id.

Similar to Nara, Petitioner here cites state cases which articulate analysis of federal constitutional violations. Pet'r Br. PCRA Pet., Commonwealth v. Paddy, 800 A.2d 294 (Pa. 2002), Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987); Appellant Br. 5, 7-9, Paddy, 800 A.2d 294. Also, as in Nara, Petitioner's reliance on Pennsylvania state cases employing the federal constitutional analysis for ineffective assistance of counsel and prosecutorial misconduct is sufficient to put the state court on notice of his federal ineffective assistance of counsel claim. In addition, like in Nara, Petitioner cited a factual outline that supported his federal claims.[3]

Moreover, the Third Circuit in Nara stated that even if the state court does not consider the claim, it is still exhausted if the state court had the opportunity to address it.

---

1968)). Although in Marshall, the court cited another Pennsylvania Supreme Court case for the relevant mental incompetency test, a review of Harris reveals that the test cites a United States Supreme Court case for mental competency. See Harris, 243 A.2d 408, 409 (citing Dusky v. United States, 362 U.S. 402 (1960)).

[3]   In the instant case, Petitioner in fact went beyond the requirements of Nara. Here, Petitioner cited Strickland, the leading federal ineffective assistance of counsel case.

488 F.3d at 198 (citing Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989)); see, e.g., Barros, 2008 WL 4145522.  Thus, here it is not determinative that the PCRA court did not set forth its reasoning for denying each and every claim raised, so long as Petitioner presented the claims, providing the state court with the opportunity to consider them.  See PCRA Notice (adopting the reasoning set forth in the Commonwealth's motion to dismiss, in its entirety).

Here, Petitioner did fairly present his claims at the state level.  First, Petitioner presented the same claims in the instant petition and in the PCRA Petitions (McCandless factors nos. 3 and 4).  Second, Petitioner's amended PCRA Petition and his appellate briefs cite to federal and state authority, which advanced federal constitutional principles (McCandless factor nos. 1-2).  Petitioner also provided the state court with the opportunity to consider those claims as required under the reasoning set forth in Nara.

Under McCandless and Nara, Petitioner has exhausted his state remedies for the following claims: (1) trial court error for failing to sustain objections to the prosecutor's closing argument, which shifted the burden of proof and resulted in the denial of a fair and impartial jury and the denial of his constitutional rights under the 6th and 14th Amendments; (2) prosecutorial misconduct by vouching for the credibility of

Commonwealth witnesses; (3) prosecutorial misconduct by inflaming the passion/prejudice of the jury; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.[4]  Accordingly, the Court will disapproved the Report and Recommendation as it relates to these claims, and will remand to the Magistrate Judge for consideration on the merits.

III. ANALYSIS ON THE MERITS OF EXHAUSTED CLAIMS

The Court does, however, approve and adopt the Magistrate Judge's conclusion regarding: (1) Petitioner's claim that the evidence presented at trial was insufficient to sustain a guilty verdict for voluntary manslaughter; and (2) Petitioner's claim that the trial court erred, resulting in a violation of due process.

AEDPA sets forth the standard for reviewing state court judgments in federal habeas petitions filed pursuant to § 2254. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).  Section 2254 confers jurisdiction on district courts to issue "writs of habeas

---

[4]  The Court notes that the Magistrate Judge addressed Petitioner's claim that appellate counsel was ineffective for failing to raise a claim that the prosecutor's closing argument was unduly prejudicial.  However, a thorough analysis under Strickland requires consideration of the merits of the underlying prosecutorial misconduct claim, which is among the claims being remanded to the Magistrate Judge for further proceedings in a manner consistent with this opinion.  Thus, the Court will refrain from ruling on this claim until further review by the Magistrate Judge.

corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of state courts. Werts, 228 F.3d at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)).

Pursuant to § 2254(d), federal habeas relief may be granted only when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or when the state court's decision was an "unreasonable determination of the facts" based on the evidence adduced at trial. § 2254(d)(1)-(2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

A federal habeas court applies the "contrary to" analysis when "the state court applies a rule different from the governing law[,] . . . or if it decides a case differently than [the federal courts] have done on a set of materially distinguishable facts." Bell v. Cone, 535 U.S. 685, 6934 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Alternatively, the "unreasonable application" analysis is applied "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the

facts of the particular case." Id. (citing Williams, 529 U.S. at 407-08). Factual determinations by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (clear and convincing standard in §2254(e)(1) applies to factual issues).

### A. Sufficiency of the Evidence

Petitioner claims that the evidence presented at trial was insufficient to sustain a guilty verdict for voluntary manslaughter. However, Petitioner did not object to the Magistrate Judge's conclusion that "the Commonwealth presented sufficient evidence to establish that [Petitioner] was guilty of voluntary manslaughter." Report & Recommendation 10 (doc. no. 8). When evaluating a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A review of the record shows that the state court applied a sufficiency of the evidence standard that is indistinguishable from the federal standard. Resp't Resp. Pet. Ex. A (doc. no. 6-2). Therefore, the Court will proceed to

consider whether habeas relief should be granted under § 2254(d)(1) because of a state court adjudication that unreasonably applied the Jackson standard to the facts of the instant case.  See Bell, 535 U.S. at 694.

Here, Petitioner was convicted of voluntary manslaughter under 18 Pa. C.S. § 2503.[5]  In support of his argument that the evidence was not sufficient to find him guilty of voluntary manslaughter, Petitioner argues that "not one witness was able to testify that [he] was even in the vehicle at the time of the shooting" and that "all of the witnesses when asked if [he] was the driver of the van that night said no that they could not identify the driver because of the tint on the windows."  See Pet. 9 (doc. no. 1).  To the contrary, Petitioner was identified as the driver of the van on at least four separate

---

[5]     18 Pa. C.S. § 2503 states in relevant part:

(a) General Rule. - A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by: (1) the individual killed; or (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

(b) Unreasonable belief killing justifiable. - A person who intentionally or knowingly kills and individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief is unreasonable.

(c) Grading. - Voluntary manslaughter is a felony of the first degree.

occasions.  See Trial Tr. vol. 1, 124, Sept. 20, 2001; Trial Tr. vol. 2, 17, 64-65, 92, Sept. 21, 2001.

The testimony at trial reflects that Petitioner was a participant in the crime at issue.  After viewing the evidence in the light most favorable to the Commonwealth, the Court finds that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Moreover, in light of the Jackson standard, the Court has reviewed the evidence and does not find the state court's rejection of this claim to be unreasonable.  Under these circumstances, Petitioner's sufficiency of the evidence claim does not provide a basis for habeas relief and will be denied.


B.    Trial Court Error Resulting in Due Process Violation

Petitioner claims that the trial court erred for failing to sustain objections to the prosecutor's closing argument, which inflamed the passion of the jury thereby denying him a fair and impartial jury.  Petitioner specifically alleges the following occurred during the prosecutor's closing statement: (1) an accusation that Petitioner attacked a witness' credibility because of his name, "Nysheed Frazier"; (2) an accusation that Petitioner used an inappropriate play on stereotypes; and (3) other inflammatory remarks.  However, Petitioner did not object to the Magistrate Judge's conclusion that the prosecutor's

statement "was not sufficiently prejudicial in the context of the entire trial to violate [Petitioner's] due process rights and did not result in the denial of his right to a fair trial." Report & Recommendation 18 (doc. no. 8).

Allegations of trial error occurring during the presentment of the case to a jury is reviewed for harmless error. Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003) (citing Arizona v. Fulminante, 499 U.S. 279, 307-08 (1991)).  The first step is to determine whether the error was constitutional or of a non-constitutional dimension. United States v. Helbling, 209 F.3d 226, 241 (3d Cir. 2000).  If it was of a non-constitutional dimension, the judgment will be affirmed when there is a high probability that the error was not a contributing factor. Id. If it was constitutional violation, the judgment will be affirmed when the error is harmless beyond a reasonable doubt. Id.

In determining if a constitutional violation has occurred, the Third Circuit considers "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Fahy v. Horn, 516 F.3d 169, 198 (3d Cir. 2008) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)); see also Greer v. Miller, 483 U.S. 756, 765-65 (1987) (instructing that a defendant's right to a fair trial must have been denied and emphasizing that the reviewing court must consider the error in the context of the whole trial).

A review of the record shows that the PCRA court applied a trial court error standard that is indistinguishable from the federal standard.  PCRA Notice.  Therefore, the Court will proceed to consider whether habeas relief should be granted under § 2254(d)(1) because of a state court adjudication that unreasonably applied the trial court error standard to the facts of the instant case.  See Bell, 535 U.S. at 694.

Here, the prosecutor's comments, and the court's overruling of Petitioner's objections at trial, do not amount to a denial of Petitioner's due process for several reasons.  First, the prosecutor mentioned September 11th by analogy only after Petitioner's counsel used the date as a mnemonic device.  Second, the prosecutor's statement that it was wrong to impeach someone's credibility because of their name or what they drink or eat was merely an effort to rebut credibility attacks on the Commonwealth's own witness.[6]

Third, the references to Petitioner's crime as an "act of urban terrorism and cowardice" and that this type of killing makes sense "in an era where there are murders over a quarter and a pair of sneakers" are nothing more than argument.  Fourth, the prosecutor's statement that "if Mother Theresa were in Afghanistan doing humanitarian aid, would she be the one who

---

[6]   The witness stated earlier that he was eating fried chicken from KFC and drinking a forty ounce of malt liquor during the event in question.

would be able to tell us where Osama Bin Laden is hiding?" was an analogy used to illustrate that witnesses to crimes of this sort are unlikely to be model citizens.  Lastly, the prosecutor's suggestion that Nysheed Frazier did not initially come forward due to fear was a direct rebuttal to Petitioner's argument that he simply sought favorable treatment on his open criminal cases.

Applying the harmless error standard for errors not amounting to constitutional violations, the Court finds that the alleged errors are harmless beyond a reasonable doubt.  Moreover, the Court has reviewed the evidence in light of the trial court's application of the harmless error standard and does not find the state court's rejection of this claim to be unreasonable.  Under these circumstances, Petitioner's claim that the trial court erred for failing to sustain defense objections to the prosecutor's closing argument does not provide a basis for habeas relief and will be denied.

## IV. CONCLUSION

For these reasons, as to the claims of insufficiency of the evidence and trial court error, the objections will be overruled and the Magistrate Judge's Report and Recommendation will be adopted.  As to the balance of the claims, those the Magistrate Judge found were not exhausted and procedurally defaulted, the objections will be sustained, and the Report and

Recommendation disapproved.  As to those claims, the habeas petition will be remanded for further proceedings in a manner consistent with this memorandum.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
KEVIN JOHNSON,                 :    CIVIL ACTION
       Petitioner,             :    NO. 08-826
   v.                          :
JOSEPH J. PIAZZA, et al.,      :
       Respondents.            :
```

**O R D E R**

**AND NOW**, this **5th day of December 2008**, upon consideration of the Report and Recommendation of United States Magistrate Peter B. Scuderi (doc. no. 8), and Petitioner's objections thereto (doc. no. 11), it is hereby **ORDERED** that:

1. The Report and Recommendation (doc. no. 8) is **DISAPPROVED in part and APPROVED and ADOPTED in part**;

2. Petitioner's objections to the Report and Recommendation (doc. no. 11) are **SUSTAINED in part and OVERRULED in part**;

3.  Matter is remanded to the Magistrate Judge for a determination on the merits of Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1).


**AND IT IS SO ORDERED.**

                             **S/Eduardo C. Robreno**
                             **EDUARDO C. ROBRENO, J.**