IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN JOHNSON,                      :    CIVIL ACTION
                                    :
         Petitioner,                :    NO. 08-826
                                    :
    v.                              :
                                    :
JOSEPH J. PIAZZA, et al.,           :
                                    :
         Respondents.               :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          AUGUST 12, 2009

         Respondents filed the instant motion for
reconsideration of the Court's Memorandum and Order dated
December 5, 2008.  For the reasons that follow, Respondents'
motion for reconsideration is granted, and the Court's Memorandum
and Order dated December 5, 2008 is vacated in part.


I.   PROCEDURAL HISTORY

         On September 27, 2001, following a jury trial before
the Honorable Lynn Bennett-Hamlin in the Court of Common Pleas of
Philadelphia County, Petitioner was convicted of voluntary
manslaughter.  On March 20, 2002, Judge Bennett-Hamlin sentenced
Petitioner to seven and one-half to fifteen years imprisonment.

         On April 13, 2004, the Pennsylvania Superior Court
affirmed the judgment of sentence.  Commonwealth v. Johnson, 852
A.2d 1248 (Pa. Super. Ct. 2004).  Petitioner filed a petition for
allowance of appeal in the Supreme Court of Pennsylvania, which

was denied on July 22, 2004.  Commonwealth v. Johnson, 856 A.2d
833 (Pa. 2004).  On June 28, 2005, Petitioner filed a PCRA
Petition for collateral relief.  Counsel was appointed and
subsequently filed a letter pursuant to Commonwealth v. Finley,
550 A.2d 213 (Pa. Super. Ct. 1988), certifying that the entire
record had been reviewed and that there were no meritorious
issues to advance before the PCRA court.  Counsel was then
permitted to withdraw.  Thereafter, Johnson retained private
counsel and filed an amended PCRA Petition.

On December 8, 2006, the PCRA court dismissed the
petition without a hearing, adopting the reasoning in the
Commonwealth's motion to dismiss.  Notice Pa. R. Crim. P. 907,
Commonwealth v. Johnson, No. 9810-0075 1/2 (Pa. Ct. Com. P., PCRA
Unit, Nov. 6, 2006) (citing Commw. Mot. Dismiss).  On appeal,
Petitioner refuted the PCRA court's decision on two grounds: (1)
prosecutorial misconduct; and (2) ineffective assistance of trial
and appellate counsel.  On December 31, 2007, the Superior Court
affirmed the decision of the PCRA court, stating that the sole
issue on appeal was ineffective assistance of counsel.
Commonwealth v. Johnson, 945 A.2d 763 (Pa. Super. Ct. 2007).  A
petition for allowance of appeal was not filed with the
Pennsylvania Supreme Court.

On January 25, 2008, Petitioner filed a habeas petition
claiming: (1) the evidence presented at trial was insufficient to

-2-

sustain a guilty verdict for voluntary manslaughter; (2) trial court error for failing to sustain defense objections to the prosecutor's closing argument, which shifted the burden of proof and resulted in the denial of a fair and impartial jury and the denial of his constitutional rights under the 6th and 14th Amendments; (3) prosecutorial misconduct by vouching for the credibility of Commonwealth witnesses, offering personal opinions, and referring to Petitioner as "a thief in the cloak of darkness, stealing human life"; (4) ineffective assistance of trial counsel for failing to request that an identification instruction be given to the jury; (5) ineffective assistance of appellate counsel for failing to raise the claim that the prosecutor's closing argument was unduly prejudicial and that the trial court erred in failing to grant a mistrial; and (6) ineffective assistance of appellate counsel for failing to raise the claim that the trial court erred in allowing a witness to testify about prior crimes at sentencing.  These same allegations were presented in Petitioner's first and amended PCRA Petitions, as well as in accompanying memoranda in support of his PCRA Petitions.

          On December 5, 2008, the Court overruled Petitioner's objections and adopted the Magistrate Judge's Report and Recommendation, in part, as to the claims of insufficiency of the evidence and trial court error.  As to the balance of the claims,

-3-

those the Magistrate Judge found were not exhausted and procedurally defaulted, the objections were sustained, and the Report and Recommendation was disapproved, in part, on the grounds that Petitioner did fairly present such claims at the state level.  On December 11, 2008, Respondents filed the instant motion to reconsider the Court's December 5, 2008 decision.

II.  MOTION FOR RECONSIDERATION

        Respondents now request that the Court reconsider and amend its Memorandum and Order dated December 5, 2008. Respondents argue that the Magistrate Judge accurately found that Petitioner had not exhausted the following claims in the state courts: (1) trial court error for failing to sustain defense counsel objections to alleged prosecutorial misconduct at closing; (2) prosecutorial misconduct by vouching, and prosecutorial misconduct for inflaming the jury's passions; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel.  Respondents aver that the Magistrate Judge's analysis was based on the fact that Petitioner failed to present these claims to the state courts on appeal. Specifically, Respondents suggest the Court erred by not pointing to where Petitioner raised the above referenced claims during the PCRA round of appellate review.

    A.  Legal Standard

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Co. V. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).  Reconsideration is appropriate where the party seeking  reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." <u>Max's Seafood Cafe ex rel. Lou Ann v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Respondents allege there is a need to correct a clear error of law or fact in the instant motion for reconsideration.


B.   <u>Exhaustion Requirement</u>

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody as a result of a state court judgment must "fairly present" his federal constitutional claims in state court, thus exhausting his state remedies, before filing his federal habeas petition.  28 U.S.C. §2254(b).  The exhaustion requirement provides state courts an "initial opportunity to pass upon or correct alleged violations of its prisoner's federal rights." <u>Wilwording v. Swenson</u>, 404 U.S. 249, 250 (1971).  Petitioner bears the burden to show fair presentation of all claims, satisfied by demonstrating the claims

-5-

brought in federal court are the "substantial equivalent" to those presented in state court.  Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983). Failure to exhaust state remedies will prompt the federal court to dismiss the claim without prejudice, so as to allow the state courts the opportunity to first review the claim.  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

In order to "fairly present" his claim, a prisoner must present both the factual and legal substance of his federal claims "through one 'complete round of the State's established appellate review process.'"  Woodford v. Ngo, 548 U.S. 81, 93 (2006) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)); see also McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982)).

The Magistrate Judge found that Petitioner did not exhaust state remedies on certain claims due to his failure to present such claims to the state courts.  See § 2254(b)(1)(A); see also Woodford, 548 U.S. at 92 (recognizing exhaustion requirement); Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (same).  Specifically, the Magistrate Judge deemed that the following claims were not exhausted: (1) trial court error for failing to sustain objections to the prosecutor's closing argument, which shifted the burden of proof and resulted in the denial of a fair and impartial jury and the denial of his

-6-

constitutional rights under the 6th and 14th Amendments; (2) prosecutorial misconduct by vouching for the credibility of Commonwealth witnesses; (3) prosecutorial misconduct by inflaming the passion/prejudice of the jury; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel for failing to raise a claim that the trial court erred in allowing a witness to testify about prior crimes at his sentencing.

After an analysis of whether exhaustion could be excused in Petitioner's case, the Magistrate Judge excused such claims because exhaustion would otherwise be futile.  See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (providing futility is an excuse to circumvent exhaustion); Szuchon v. Lehman, 273 F.3d 299, 324 n.14 (3d Cir. 2001) (same).  Nevertheless, the Magistrate Judge recommended that those claims be dismissed as procedurally defaulted because state procedural rules bar Petitioner from seeking further relief in state courts.  See 42 Pa. C.S. § 9545(b)(1) (providing for one year statute of limitations).

In Petitioner's objections, he argued that his claims are not procedurally barred because he did present his claims at the state level.  In support of his objections, Petitioner pointed to his PCRA Petitions.  In evaluating Petitioner's objections, the Court is guided by the Third Circuit's decisions

in <u>McCandless</u>, 172 F.3d at 260 (citing <u>Evans v. Court of Common</u>
<u>Pleas, DE County, PA</u>, 959 F.2d 1227 (3d Cir. 1992) (articulating
"fair presentation" factors)), and <u>Nara v. Frank</u>, 488 F.3d 187,
198 (3d Cir. 2007) (citing <u>Bond v. Fulcomer</u>, 864 F.2d 306, 309
(3d Cir. 1989)); <u>see, e.g.</u>, <u>Barros v. Beard</u>, 2008 WL 4145522
(E.D. Pa., Sept. 5, 2008) (Robreno, J.).  To fairly present his
claim, Petitioner may employ on or more of the following methods:
(1) reliance upon pertinent federal cases; (2) reliance upon
state cases employing constitutional analysis in like fact
situations; (3) assertion of the claim in terms so particular as
to call to mind a specific right protected by the Constitution;
and (4) allegation of a pattern of facts that is well within the
mainstream of constitutional litigation.  <u>Id.</u> at 260.  He must,
however, raise his claims "through one 'complete round of the
State's established appellate review process.'" <u>Woodford</u>, 548
U.S. at 93 (quoting <u>Boerckel</u>, 526 U.S. at 845).

        Here, as noted by the Magistrate Judge and Respondents,
Petitioner failed to fully exhaust his claims to the state
courts.  Petitioner did not raise each of the contested claims
during the PCRA round of state appellate review.[1]  Furthermore,
the Magistrate Judge's decision to excuse such claims because

--------

        [1]   It is also notable that Petitioner's <u>pro se</u> PCRA
petition is not supplemented by, but replaced by, his counseled
and amended PCRA petition.  <u>See</u> <u>Trowery v. Walters</u>, 45 F. App'x
206, 207 (3d Cir. 2002) (not precedential); <u>see also</u> <u>Commonwealth</u>
<u>v. Pursell</u>, 724 A.2d 293, 301-02 (Pa. 1999).

exhaustion would otherwise be futile and recommendation that those claims be dismissed as procedurally defaulted because state procedural rules bar Petitioner from seeking further relief in state courts is equally proper under these circumstances.  Having found a clear error of law, the Court will grant Respondents motion for reconsideration and approve and adopt the Magistrate Judge's Report and Recommendation dated July 28, 2008, in full.

### C.   Ineffective Assistance of Counsel

The Court refrained from ruling on Petitioner's claim that appellate counsel was ineffective for failing to raise a claim that the prosecutor's closing argument was unduly prejudicial because the case was remanded to the Magistrate Judge and would have required additional consideration.  Since the Court will reconsider its Order, the Court will also address this claim.

In order to prevail upon an ineffective assistance of counsel argument, a petitioner must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that his counsel's performance was deficient.  Id. at 687.  This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Id.  Second, a petitioner must show that the deficient performance prejudiced

the defense.  Id.  The Court denies Petitioner's ineffective
assistance of counsel claim because Petitioner fails to meet both
prongs of Strickland.  Even assuming that any of the examples of
ineffective assistance of counsel proffered by Petitioner do
constitute deficient performance sufficient to satisfy prong one
of Strickland, Petitioner is unable to show that these actions
were prejudicial to his defense.

Here, the state court's and the Magistrate Judge's
determination that the prosecutor had not committed misconduct at
trial is correct thus precluding Petitioner's claim of
ineffective assistance of counsel.  (See Commw. Resp. Exs. C-D,
doc. no. 6-4, 6-5.)  Petitioner's underlying claim of
prosecutorial misconduct lacks merit, and thus he could not have
been prejudiced by trial counsel's inaction.  The Court agrees
that the outcome of Petitioner's appellate proceedings would not
have been different had counsel advanced the ineffective
assistance claim on direct appeal.[2]

---

[2]     Petitioner's argument that collateral counsel and
collateral appellate counsel were ineffective for failing to
include the contested claims is precluded by the Supreme Court
decision Coleman v. Thompson,501 U.S. 722, 752-53 (1991).  In
Coleman, the Supreme Court stated "[t]here is no constitutional
right to an attorney in state post-conviction proceedings . . .
[c]onsequently, a petitioner cannot claim constitutionally
ineffective assistance of counsel in such proceedings."  Id. at
752 (citations omitted).  Only when there is an independent
constitutional violation would ineffective assistance of
collateral counsel constitute cause.  Id. at 755.  Here,
Petitioner does not have a constitutional right to counsel in
collateral proceedings.  He is thus precluded from claiming

D.    <u>The Court's Analysis on the Merits of Exhausted Claims</u>

The portion of the Court's Memorandum and Order dated December 5, 2008 wherein the Report and Recommendation was approved and adopted, in part, is upheld.  Specifically, the Court approved and adopted the Magistrate Judge's conclusion regarding: (1) Petitioner's claim that the evidence presented at trial was insufficient to sustain a guilty verdict for voluntary manslaughter; and (2) Petitioner's claim that the trial court erred, resulting in a violation due process.

An appropriate order follows.

---

ineffective assistance of collateral counsel.  Furthermore, Petitioner has not adequately raised an independent constitutional violation.  Therefore, Petitioner's argument fails.